UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAKOTA A. HOLLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17 CV 271 |
| | ) |
| UNKNOWN OFFICERS AND NURSES | ) |
| OF THE INDIANA DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Dakota A. Holland, a *pro se* prisoner, filed a vague complaint. (DE # 1.) Under federal pleading standards, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Upon review, Holland's complaint does not satisfy these standards. He appears to be trying to assert a claim for denial of medical care because he was not immediately given a breathing treatment upon request on January 20, 2017. However, he does not provide the necessary details for this court to determine if that claim presents a

constitutional violation. To start, Holland has not identified any possible defendant. He sues "unknown officers and nurses of the Indiana Department of Corrections." He apparently does not know the identity of the officers and nurses involved in denying him a breathing treatment. As a practical matter his case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

Moreover, even if Holland had named the officers and nurses involved in not immediately providing him a breathing treatment, the complaint is still too vague to state a claim. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Holland has not explained or identified his "breathing condition." Nor has he identified what "breathing treatment" he sought and was denied. Moreover, he has not identified whether any defendant was aware of his breathing condition and need for breathing treatment.

Without a named defendant, a clear description of the nature of his medical problem(s), and allegations establishing that the defendants were deliberately indifferent, it is impossible to discern whether he has a plausible claim. When a complaint is vague, confusing, or lacking in necessary detail, the court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439,

2

443 (7th Cir. 2006). Accordingly, the court will strike the complaint and afford Holland an opportunity to file an amended complaint. He should describe in as much detail as possible the events giving rise this suit, including what occurred, when it occurred, where it occurred, and who was involved. He should clearly explain the nature of his medical problem(s) and explain how the named defendants were deliberately indifferent. He should also include any information he can provide that may assist in identifying the officers and nurses, including a physical description or badge number.

For these reasons, the court:

(1) **STRIKES** the complaint (DE # 1);

(2) **DIRECTS** the Clerk to place this cause number on a blank Prisoner Complaint form and send it to Dakota Holland;

(3) **GRANTS** Dakota Holland to and including December 8, 2017, to file an amended complaint; and

(4) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed without further notice.

**SO ORDERED.**

Date: November 8, 2017

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT